UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANNTER GILL,

    Plaintiff,

v.                                    Case No. _____

NAVIENT SOLUTIONS, LLC,

    Defendant.
_____/

## **NOTICE OF REMOVAL**

Defendant Navient Solutions, LLC ("NSL") removes the above-styled action from the Sixth Judicial Circuit in Pinellas County, Florida to the United States District Court for the Middle District of Florida, Tampa Division under 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

### I. BACKGROUND

On December 21, 2017, plaintiff Deannter Gill ("Plaintiff" or "Gill") commenced Case No. 17-007517-CI in the Sixth Judicial Circuit of Florida, styled *Deannter Gill v. Navient Solutions, LLC*. Gill's Complaint and Jury Demand ("Complaint") asserts claims against NSL for: (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); (2) violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et. seq. ("FCCPA"), and (3) violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"). Gill seeks actual damages, statutory damages, attorneys' fees, and costs.

## II. BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States and, thus, is a case that may be removed to this Court pursuant to 28 U.S.C. § 1441(a). Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Gill alleges that this action is brought pursuant to the TCPA and the FDCPA arising out of NSL's purported use of an automatic telephone dialing system to call Gill's cellular telephone without his consent. *See* Complaint ¶¶ 1, 17-23, 31-35. This Court accordingly has federal question jurisdiction. *See Mims v. Arrow Fin. Services, LLC*, 565 U.S. 368, 377, 132 S. Ct. 740, 748, 181 L. Ed. 2d 881 (2012) (holding federal courts have original jurisdiction over TCPA claims pursuant to 28 U.S.C. §1331).

In addition, this Court has supplemental jurisdiction over Gill's state law claims because they "form part of the same case or controversy." 28 U.S.C. § 1367(a). State law and federal law claims are part of the same case or controversy when they "derive from a common nucleus of operative fact". *See, United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966); *See also, Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (finding that "the modern doctrine of supplemental jurisdiction derives from [*Gibbs*]). Here, Plaintiff alleges that NSL violated state and federal laws by making telephone calls to Plaintiff. The alleged telephone calls form the nucleus of operative facts from which the state and federal law

claims are derived. Accordingly, this Court has supplemental jurisdiction over the state law claim.

### III. THE PROCEDURAL REQUIREMENTS HAVE BEEN MET

Removal of this action is timely under 28 U.S.C. § 1446(b)(2)(B) because NSL waived service of process on May 17, 2018. *See Island Pipeline, LLC v. Sequoyah Ltd., LLC*, 308-CV-1133-J-32HTS, 2009 WL 413584, at *3 (M.D. Fla. Feb. 18, 2009) (holding that the 30-day timeframe to remove a matter to federal Court under 28 USC § 1446(b) is triggered when a defendant waives service). Venue is proper because the United States District Court for the Middle District of Florida embraces the place in which the state court action was pending. 28 U.S.C. § 1441(a); M.D. Fla. L.R. 1.02(b)(4). Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. Local Rule 4.02, a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **Exhibit A**. Promptly after filing this Notice of Removal, NSL will give notice to Gill and the state court regarding the removal of this action pursuant to 28 U.S.C. § 1446(d).

### IV. CONCLUSION

Removal of this action is proper under 28 U.S.C. 1331 as Gill's Complaint presents a claim arising under the law of the United States, i.e., the FDCPA and TCPA. Because Gill's state law claims under the FCCPA arise out of the same case or controversy, this Court should exercise jurisdiction over the entire suit.

Dated: June 5, 2018

Respectfully submitted,

Katherine Miller
Florida Bar No. 104790
HUNTON ANDREWS KURTH LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-1610
Email: KMiller@HuntonAK.com

*Counsel for Defendant Navient Solutions, LLC*

**CERTIFICATE OF SERVICE**

I certify that on June 7, 2018, a copy of the foregoing document was mailed to the Clerk of the Court for filing. I further certify that a copy of the foregoing document was also served to the following counsel of record via regular mail:

Randolph M. Giddings, Esq.
Flynn Law Firm, P.A.
901 Central Avenue
St. Petersburg, FL 33705
Office/Fax: 727-490-6327
*Attorney for Plaintiff*

Katherine Miller