UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANNTER GILL,

    Plaintiff,

v.                                                CASE NO. 8:18-cv-1388-T-26SPF

NAVIENT SOLUTIONS, LLC,

    Defendant.
                                    /

## O R D E R

**BEFORE THE COURT** is Defendant's Motion to Dismiss (Dkt. 10) and Plaintiff's Response in Opposition (Dkt. 17). After careful consideration of the allegations of the Complaint (Dkt. 2), the argument of counsel, and the applicable law, the Court concludes the motion should be granted.

In this removed action, Plaintiff seeks damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), the Florida Consumer Collections Practices Act, Chapter 559 of the Florida Statutes (FCCPA), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). Defendant challenges the allegations on several specific points, two of which warrant the repleading of the complaint.

The Court finds the complaint lacking in some necessary facts to put Defendant on notice of the claims. First, Plaintiff alleges that Defendant is a "debt collector" as defined in the FDCPA, FCCPA and TCPA. See docket 2, ¶ 7. The complaint further states that "Defendant's principal business was and is servicing and collecting consumer debts by use of United States mails and telephone" and therefore Defendant is a debt collector under all three statutes. See docket 2, ¶ 11. Specifically excluded from the definition of a "debt collector" in the FDCPA is "any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . concerns a debt which was originated by such person [or] concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. §1692a (6)(F)(ii)(iii). The Court agrees that Plaintiff's allegations that Defendant is a debt collector are conclusory and do not state either that Defendant acquired the debt after default or that Defendant was servicing the debt for another entity. See, e.g. Dowridge v. Navient, 2016 WL 1594427, at *3 (E.D. Mich. 2016) (and cases cited therein).[1] The only time periods referenced at all in the complaint are June and December 2013. It is unclear whether the loan was in default before or after Navient began servicing the loan.

---

[1] See also Mungo-Craig v. Navient Solutions, Inc., 2017 WL 3037566, at *3 and n.4 (E.D. N.C. 2017) (and cases cited therein); Caione v. Navient Corp., 2016 WL 4432687, at *4-5 (D. N.J. 2016) (and cases cited therein); Phelps v. Navient Solutions, Inc., 2017 WL 2731050, at *3 (E.D. Cal. 2017); Pfountz v. Navient Solutions, LLC, 2018 WL 534434, at *5 (E.D. Mo. 2018) (finding allegations sufficient to fall within definition of debt collector).

The second deficiency concerns the manner in which the calls were placed for purposes of the TCPA. While the complaint alleges that the TCPA prohibits unauthorized calls using an automatic telephone dialing system (ATDS), Plaintiff fails to describe the phone messages or the circumstances surrounding the calls, such as the actual messages or conversations, to cause her to believe an ATDS was being used. See <u>Padilla v. Whetstone Partners, LLC</u>, 2014 WL 3418490, at *2 (S.D. Fla. 2014). Plaintiff should replead the complaint with more facts to address the Court's concerns.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 10) is granted. Plaintiff shall file an amended complaint ten (10) days from the date of this order. Defendant shall file a response within fourteen (14) days from the date of service of the amended complaint.

**DONE AND ORDERED** at Tampa, Florida, on August 7, 2018.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record