UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANNTER GILL,

    Plaintiff,

v.                                              CASE NO. 8:18-cv-1399-T-26SPF

NAVIENT SOLUTIONS, LLC,

    Defendant.
_____/

## **O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of the well-pleaded allegations of Plaintiff's complaint, which this Court must accept as true at this early juncture of the proceedings, and construing those allegations and the reasonable inferences from those allegations in the light most favorable to Plaintiff,[1] the Court concludes that Defendant's Motion to Dismiss Plaintiff's Amended Complaint is due to be denied.[2]

After drawing upon this Court's judicial experience and common sense,[3] the Court is satisfied that those allegations are more than sufficient to survive Defendant's attempt

---

[1] See Bishop v. Ross Earle & Bonan, P.A., 817 F. 3d 1268, 1270 (11th Cir. 2016).

[2] Given this disposition of the motion, the Court needs no response from Plaintiff.

[3] See Resnick v. AvMed, Inc., 693 F. 3d 1317, 1324 (11th Cir. 2012).

to dismiss the complaint in that those allegations state plausible claims for relief above the speculative level pursuant to the Telephone Consumer Protection Act (42 U.S.C. § 227 *et seq.*) (the TCPA) and the Florida Consumer Collection Practices Act (section 559.55 *et seq.*, Florida Statutes) (the FCCPA).[4]  Specifically, the Court determines that Plaintiff has cured the pleading deficiencies identified in the Court's order entered August 7, 2018, at docket 18, that the Higher Education Act does not preempt the FCCPA,[5] and that the Bipartisan Budget Act does not preclude Plaintiff from asserting a cause of action against Defendant pursuant to the TCPA for calls made to Plaintiff on or after November 2, 2015.  See Cooper v. Navient Sols., LLC, 2017 WL 1424346, at *1-2 (M.D. Fla. 2017); see also Bratcher v. Navient Sols.,LLC, 2017 WL 9935188, at *3 (M.D. Fla. 2017) (citing Cooper).  Additionally, whether Defendant's calls to Plaintiff were made by an automatic telephone dialing system, whether those calls were harassing in nature, and whether Defendant violated the provisions of section 559.72(9) of the FCCPA are issues more appropriately raised and resolved within the context of a motion for summary judgment after the completion of full discovery.

---

[4] See Bishop, 817 F. 3d at 1270.

[5] See Cliff v. Payco Gen. Am. Credits, Inc., 363 F. 3d 1113, 1124-1131 (11th Cir. 2004); Ammedie v. Sallie Mae, Inc., 485 F. App'x 399, at *2 (11th Cir. 2012) (citing and quoting Cliff) (unpublished).

**ACCORDINGLY**, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 22) is denied. Defendant shall file its answer and defenses within fourteen (14) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on August 31, 2018.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record